UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS O'BRIEN TYSON,<br><br>                    Plaintiff,<br><br>        -against-<br><br>BOWERY RESIDENTS COMMITTEE, et al.,<br><br>                    Defendants. | 24-CV-8443 (JPC) (JW)<br><br>ORDER OF SERVICE |

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Plaintiff, who is proceeding *pro se*, brings this action under the Family Medical Leave Act and the New York State Human Rights Law. The Court construes the complaint as also brought under Title VII of the Civil Rights Act of 1964 and the New York City Human Rights Law. He alleges that his employee Bowery Residents' Committee ("BRC") and BRC employees Muzzy Rosenblatt, Kelly Quirk, Erica Cibella, Debi Alpert, and Alvin Thompson discriminated and retaliated against him because of his sex.

By order dated December 2, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Dkt. No. 5. Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] Walker v. Schult, 717

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

**The Clerk of Court is respectfully requested to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.**

**The Clerk of Court is respectfully requested to mail an information package to Plaintiff.**

SO ORDERED.

Dated:   December 23, 2024
        New York, New York

                                        JENNIFER E. WILLIS
                                    United States Magistrate Judge

# SERVICE ADDRESS FOR EACH DEFENDANT

1. Bowery Residents' Committee
   131 West 25th Street
   New York, NY 10001

2. Muzzy Rosenblatt
   131 West 25th Street
   New York, NY 10001

3. Kelly Quirk
   131 West 25th Street
   New York, NY 10001

4. Erica Cibella
   131 West 25th Street
   New York, NY 10001

5. Debi Alpert
   131 West 25th Street
   New York, NY 10001

6. Alvin Thompson
   131 West 25th Street
   New York, NY 10001